No. 10,325
Orleans

---

MAURICE PAILET v. PETER YOUNG, Appellant

---

(February 1, 1926, Opinion and Decree)

---

(*Syllabus by the Court.*)

1. Louisiana Digest—Evidence—Par. 41, 343.

Where a defendant, testifying in his own behalf, is evasive and improbable and otherwise lacking in candor and frankness, his testimony cannot prevail over or neutralize plaintiff's testimony which is not subject to such criticism, notwithstanding the burden of proof.

Appeal from First City Court of New Orleans, Section "A". Hon. W. Alexander Bahns, Judge.

This is a suit brought by plaintiff, the assignee, for the balance of the purchase price of a diamond ring.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Herman Barnett, of New Orleans, attorney for plaintiff, appellee.

S. F. Gautier, H. Rauvich, of New Orleans, attorneys for defendant, appellant.

WESTERFIFELD, J. Plaintiff, alleging that he is the assignee of one P. M. Stein, brings this suit for $262.00, which he says is due by defendant as a balance on the purchase price of a certain diamond ring alleged to have been sold defendant by the said Stein.

Defendant prayed for oyer of the assignment, and in this court insists that though oyer was ordered by the trial judge, plaintiff has not complied with the order. It is sufficient to say in this connection that the assignment was admittedly not in writing, consequently cannot be exhibited. Moreover, the evidence clearly shows a recognition of the assignment on the part of defendant.

The answer is in effect a general denial.

Defendant is shown to have made thirty-four payments to plaintiff on the diamond ring, one of two dollars and thirty-three of one dollar each. He admits making some payments but claims to have acted for a friend of his by the name of Segretto, whom defendant declares was the purchaser of the ring and alone responsible for the payment of the purchase price.

Segretto did not testify and the case must be determined upon the contradictory evidence of plaintiff and defendant, for neither of the other two witnesses whose evidence is in the record is of any assistance. Plaintiff's testimony is to the effect that he bought out the jewelry business formerly conducted by P. M. Stein and among the open accounts was this claim against defendant appearing in the name of defendant; that he advised defendant of his purchase and made the collection of $35.00 on account in thirty-four payments and could make no further collection on the account. Defendant's testimony is not impressive. He denies buying the ring or anything else from Stein. He admits having made payments to plaintiff but didn't know how many payments nor how much money he paid; kept no account and did not intend to seek reimbursement from Segretto, for whose account he paid the money and on whose suggestion he claims to have

stopped the payments "because Segretto was a particular friend of mine". When asked how many payments he made to plaintiff, he answered: "I never kept account, three or four payments", though he would not deny that he had made thirty-four payments when asked the question. He had no arrangement with Segretto and took no receipt from plaintiff. Segretto was his "bosom friend" and their relations were "like brothers". When asked on cross-examination why he sold his house to his wife, he replied that he sold it for· money he owed her, though he couldn't remember how much money when he sold it or what notary passed the act of sale. Segretto, the bosom friend, who was like a brother to the defendant, was in the city on the day of trial, and summoned by defendant did not appear and testify.

"Q.  You know where Segretto is?
"A.  Yes.
"Q.  Did you summon him?
"A.  Yes.
"Q.  Is he here?
"A.  No.
"Q.  Is he in the city?
"A.  He is."

If defendant is a simple, ignorant, honest man, telling the truth, but embarrassed and confused by his unaccustomed appearance as a witness, which his counsel would have us believe, he is most unfortunate for considering his evidence by the usual methods which courts employ in weighing testimony. We find it most unreliable and not altogether unsophisticated. Besides, the lower court, with the advantage of hearing and seeing defendant, found against him. We are unable to reach any other conclusion. The judgment appealed from is, for the reasons assigned, affirmed.